IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRIN HIGHTOWER,

    Plaintiff,

-VS-

CASE NO.: 6:13-CV-1179-orl-18 GJK

EXPERIAN INFORMATION SOLUTIONS, INC. and WEST ASSET MANAGEMENT, INC.,

**JURY TRIAL DEMANDED**

    Defendant.

_____/

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act) and the Florida Consumer Collection Practices Act, Fla. § 559.72 *et seq.* (FCCPA).

### JURISDICTION

2. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

3. The Plaintiff is a natural person and resident of the State of Florida. He *is* a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the State of California authorized to do business in the State of Florida through its registered office at 1200 South Pine Island Rd., Plantation, FL 33324.

5. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, Experian is regularly engaged in the business

1

of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Under information and belief, WEST ASSET MANAGEMENT, INC. (hereinafter "WAM") is a debt collector, authorized to do business in the State of Florida through its registered office at 1201 Hays St., Tallahassee, FL 32301.

## FACTUAL ALLEGATIONS

8. On or about January 7, 2011, the Plaintiff, an armed services veteran, had medical procedures performed at Central Florida Regional Hospital ("CFRH").

9. Said medical procedures had been outsourced by the Department of Veterans Affairs ("VA") to CFRH.

10. Plaintiff received a letter from the VA dated July 12, 2011 which stated the January 7, 2012 claims from CFRH (Claims 88305-26, 88312-26, and 88333-26) had been authorized and paid for. The letter went on to state that "by Federal regulation VA is the primary and exclusive payer for medical it authorizes. As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA. Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service."

11. Plaintiff received another letter from the VA dated March 6, 2012 which stated the January 7, 2012 claims from CFRH (Claims 88305-26, 88312-26, and 88333-26) had been authorized and paid for. The letter went on to state that "by Federal regulation VA is the primary and exclusive payer for medical it authorizes. As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA. Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service."

12. Plaintiff received another letter from the VA dated March 24, 2012 which stated the January 7, 2012 claims from CFRH (Claims 32405, 77012-26, and 99144) had been authorized and paid for. The letter went on to state that "by Federal regulation VA is the primary and exclusive payer for medical it authorizes. As such, the Veteran or any other party may not be billed for any portion of the care authorized by VA. Payment made by the Veterans Health Administration indicates payment in full for the approved dates of service."

13. Despite receiving payment in full, CFRH turned over the Plaintiff's account to WAM.

14. On or about March 5, 2012, Plaintiff received a collection letter from WAM collecting on behalf of CFRH in the amount of $1,289.93.

15. On or about March 6, 2012, Plaintiff sent a reply letter back to WAM enclosing copies of the proof of statement explaining that the services were approved for and paid by in full by the VA.

16. Plaintiff received a response back from WAM dated April 4, 2012 stating that the dispute letter had been received, however WAM had investigated and found the debt they were collecting to be valid.

17. On or about April 21, 2012, Plaintiff pulled his credit and found that WAM was reporting the account as a derogatory account to the credit bureaus in the amount of $1,289.00.

18. On or about June 13, 2012, the Plaintiff mailed written dispute letters to Equifax, Experian, and TransUnion concerning the WAM fraudulent reporting. Said written disputes also enclosed copies of all proof of payments from the VA concerning said debt.

19. On or about June 27, 2012, Equifax responded to the dispute stating that said fraudulent WAM account was no longer being reported on Plaintiff's Equifax credit file.

20. On or about June 29, 2012, TransUnion responded to the dispute stating that the fraudulent WAM account was no longer being reported on Plaintiff's TransUnion credit file.

Case 6:13-cv-01179-ACC-GJK   Document 1   Filed 08/05/13   Page 4 of 7 PageID 4

21. On or about July 25, 2012, Experian responded to the dispute stating that the fraudulent WAM account had been investigated, but was still being reported.

22. To date, Experian and WAM have failed to report the proper information that Plaintiff does not owe said debt as it was paid in full by the VA.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

23. The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) as if fully set out herein.

24. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

25. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

26. Experian's conduct, action and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

27. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

28. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set out herein.

29. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful

4

reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

30. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

31. Experian's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 USC § 1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

### FIRST CLAIM FOR RELIEF AGAINST WAM

33. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set out herein.

34. WAM violated the Fair Credit Reporting Act, 15 USC § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the WAM representation; by failing to accurately respond to Experian; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the WAM representations to the consumer reporting agencies.

35. As a result of this conduct, action and inaction of WAM, the Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

36.     WAM'S conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 USC 1681o.

37.     The Plaintiff is entitled to recover costs and attorney's fees from WAM in an amount to be determined by the Court pursuant to 15 USC § 1681n and § 1681o.

    WHEREFORE the Plaintiff demands judgment and compensatory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## SECOND CLAIM FOR RELIEF AGAINST WAM

38.     Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) above as if fully set out herein.

39.     At all times relevant to this action WAM is subject to and must abide by the laws of Florida, including Florida Statute § 559.72.

40.     WAM has violated Florida Statute § 559.72(5) by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness.

41.     WAM has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42.     WAM has violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

6

43. WAM'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WAM for statutory damages, actual damages, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

Respectfully submitted,

Jared Michael Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
Florida Bar #: 0052284
Attorney for Plaintiff
jlee@forthepeople.com